# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:01-CR-00032-9 |
| | § | |
| CHRISTOPHER MARCEL MUMPHRY | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On March 1, 2011, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Christopher Marcel Mumphry. The government was represented by Bill Baldwin in place of Richard Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Bobby Mims.

Defendant originally pleaded guilty to the offense of Use of a Communication Facility to Facilitate the Commission of a Felony, a Class E Felony. The offense carried a statutory maximum imprisonment term of four years. The United States Sentencing Guideline range, based on a total offense level of 27 and a criminal history category of V, was 48 months. On January 14, 2002, District Court Judge John Hannah, Jr. of the Eastern District of Texas sentenced Defendant to 48 months imprisonment followed by a one-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and drug aftercare. On January 27, 2010, Defendant completed his period of imprisonment and began service of the supervision term. Jurisdiction of this case has been reassigned to U.S. District Judge Michael Schneider.

In its petition, the government alleges that Defendant violated his conditions of supervised release by being arrested by the Gregg County Sheriff's Office in Longview, Texas for Burglary of

a Habitation and Unlawful Possession of a Firearm by a Felon, both Grade A violations. The government also alleges that Defendant violated the conditions of supervised release by failing to report to the U.S. Probation Office on January 7 and 11, 2011, by failing to submit a truthful and complete written report within the first five days of January 2011; by failing to notify his probation officer of his December 3, 2010 arrest; and by failing to submit to scheduled urine specimens on December 13, 27, and 30, 2010 and January 6, 2011, all Grade C violations.

If the Court finds by a preponderance of the evidence that Defendant committed a Grade A violation, a statutory sentence of no more than 5 years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). If the Court finds by a preponderance of the evidence that Defendant committed a Grade C violation, a statutory sentence of no more than 2 years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3).

Pursuant to § 7B1.3(a)(1) of the Sentencing Guidelines, violating a condition of supervision by committing a Grade A violation allows the Court to revoke probation or supervised release. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade A violation is 12 months. U.S.S.G. § 7B1.4(a). Pursuant to § 7B1.3(a)(2) of the Sentencing Guidelines, violating a condition of supervision by committing a Grade C violation allows the Court to either (A) revoke probation or supervised release or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade C violation is 7 to 13 months, however, because the statutory maximum imprisonment term is 12 months, the actual guideline imprisonment range for this violation is 7 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the Grade C violations. The parties agreed on the appropriate sentence of 7 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Christopher Marcel Mumphry, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 7 months with no supervised release to follow.

The parties have waived their right to object to the finding of the Magistrate Judge in this matter so this Report and Recommendation will be presented to District Judge Michael Schneider for adoption immediately upon issuance.

**So ORDERED and SIGNED this 4th day of March, 2011.**

*/s/ John P. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE